By the Court.—Freedman, P. J.
It may be assumed that, within the decisions of Montrait v. Hutchins, 49 How., 105, and Garner v. Mangam, 46 N. Y. Superior Ct. R., 365, the order obtained by the defendant requiring the plaintiff to show cause why the execution issued by the plaintiff against the person of the defendant should not be vacated and set aside, was irregular in not specifying the irregularity complained of, to wit, that said execution had been issued more than ten days after the return of the execution against the property of said defendant.
But I think the plaintiff waived the right to insist upon the objection. True, she raised the point by preliminary objection upon the return of the order to sbow cause, but the court thereupon instructed the attorney for the defendant to furnish to the attorney for the plaintiff a copy of his brief showing in detail the grounds upon which the motion to vacate was based, and gave to plaintiff’s attorney three days within which to prepare and submit such affidavit and brief as he might desire, and plaintiff’s attorney within the time specified did submit an affidavit and brief. Under these circumstances a new notice of motion or order to show cause was not necessary, and the plaintiff waived her preliminary objection to the irregularity of the moving papers.
As to the merits, it appeared on the motion that the case was one of great hardship to the defendant. The *112 action was brought against the defendant and one Sharp as copartners engaged in the profession of dentistry, and was founded upon a negligent act done by Sharp, and which caused a personal injury to the plaintiff. The defendant Stewart alone was served and contested plaintiff’s claim. The plaintiff having recovered judgment and having failed to issue execution against the person of the defendant Stewart within ten days after the return of the execution against th'e property as required by § 572 of the Code, and in fact more than 26 days having elapsed, and the plaintiff’s right to issue execution against the person depending solely upon the nature of the action, the court was bound to grant the application to vacate and set aside the execution against the person, unless reasonable cause was shown by the plaintiff why the application should not be granted. Upon this point the case presented a question of fact as to which both parties submitted affidavits. To a considerable extent the affidavits were conflicting. Upon the whole case it cannot be held that the learned judge committed a legal error in the determination of the fact.
Having reached that conclusion it is not necessary to consider the questions relating to the regularity of the judgment and execution.
The order should be affirmed, with ten dollars costs and disbursements.
McAdam and Gildersleeve, JJ., concurred.